IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOK HOLMES THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2423 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                    February 12, 2009

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 10) and defendant's response (Doc. No. 13), the court makes the following findings and conclusions:

      1.    On September 23, 2005, Brook Holmes Thompson ("Thompson") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f alleging an onset date of August 20, 2005. (Tr. 47-49; 54; 210-12). Throughout the administrative process, including an administrative hearing held on September 18, 2007 before an ALJ, Thompson's claims were denied. (Tr. 6-8; 13-18; 23; 35–37; 204-08; 213-30). Pursuant to 42 U.S.C. § 405(g), Thompson filed her complaint in this court on May 23, 2008.

      2.    In his October 17, 2007 decision, the ALJ concluded, *inter alia*, that Thompson had non-severe impairments consisting of status post laceration to the right upper extremity[1] and back pain[2] and no severe impairments. (Tr. 15 Findings 3 & 4). Thus, the ALJ concluded that Thompson was not disabled. (Tr. 13 ¶ 4; 18 Finding 5).[3]

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v.</u>

---

[1] This impairment was the result of an August 20, 2005 altercation during which Thompson was cut by a broken bottle. (Tr. 17 ¶ 1).

[2] This impairment was the result of an injury Thompson sustained during a bus accident on October 29, 2005. (Tr. 17 ¶ 3).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Thompson contends that the ALJ erred by failing to find that she had a severe impairment. Although the ALJ found impairments, he concluded that "all of the medical problems associated with the laceration injury and motor vehicle accident injuries resolved within 12 months of each incident." In order for an impairment to be severe, "it must significantly limit[] [a claimant's] physical or mental ability to do basic work activities" for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii) & (c); 416.909; 416.920(a)(4)(ii) & (c). The ALJ based his conclusion on medical records indicating good strength and improvement with treatment, the lack of medical records showing permanent muscle or nerve damage, and Thompson's ability to work shortly after her onset date. (Tr. 17 ¶ 1 - 18 ¶ 2; see e.g. 95-96; 161; 163).

    I find that the ALJ's conclusion is supported by substantial evidence. Thompson claims disability since August 20, 2005, and began working part-time in March 2006 at a home for terminally ill patients. (Tr. 15 ¶ 3; 216). Thompson began working full-time at the home in February 2007. (Tr. 15 ¶ 3; 217). During her period of part-time work, Thompson testified that she turned patients, administered medication and took vital signs, wrote notes, and used a heavy industrial mop to clean rooms. (Tr. 222). Although part-time work is not substantial gainful employment, such work may still show that a claimant was capable of performing more work than was actually performed. 20 C.F.R. §§ 404.1571; 416.971. Moreover, Thompson testified that she worked part-time, not because of her impairments, but because she could only work the amount of hours available to her. (Tr. 216-217). Thompson began full-time work once it was available. (Id.). Thus, Thompson's work history after her alleged date of disability is strong evidence that she was capable of performing basic work activities without significant limitation within a year after her onset date. In addition to Thompson's work history and the medical evidence cited by the ALJ, the facts that Thompson stated that she was the sole care taker of her three children and her ailing mother, and that the state agency examiner concluded that Thompson would make a satisfactory recovery before the completion of the twelve month duration period, support the ALJ's conclusion. (Tr. 74;145-46).

    5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Thompson had no severe impairments was supported by substantial evidence. As a result, Thompson's request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOK HOLMES THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2423 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 12th day of February, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 10) and defendant's response (Doc. No. 13) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

_S/ Lowell A. Reed, Jr._____
LOWELL A. REED, JR., Sr. J.